UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRANDE M. NONI

                Plaintiff

vs.

COUNTY OF CHAUTAUQUA and
COUNTY OF CHAUTAUQUA HOME
And ROSS DIBIASE, as Aider and Abettor

                Defendants

**REPLY AFFIDAVIT**

03-CV-0600 A(F)

---

**STATE OF NEW YORK**       )

**COUNTY OF ERIE** ) SS:

**JULIE P. APTER, ESQ.**, being duly sworn, deposes and states as follows:

1. I am an attorney at law, duly licensed to practice in the State of New York, am associated with the law firm Goldberg Segalla, LLP, counsel for defendants, and as such, am fully familiar with all the pleadings and proceedings had herein.

2. I submit this affidavit in reply to the affirmation of plaintiff's counsel, and in further support of defendants' motion for summary judgment.

3. The plaintiff has submitted, pursuant to Local Rule 56, what is purported to be a Statement of Material Facts Not in Dispute, although it is not labeled as such. This statement, when read in its entirety, is nothing more than an "argument" submitted by plaintiff relative to her position. In fact, many of these statements are in dispute and there is no evidence presented by the plaintiff to counter the position of the defendants

herein. In fact, plaintiff has not even submitted her own affidavit in opposition to defendants' motion herein.

4. The Rule 56 statement submitted on behalf of plaintiff notes that Ross DiBiase "mentioned" to testers that the plaintiff was suing the defendants for discrimination. It remains the position of the defendants that any discussions between Ross DiBiase and these "testers" were not discussions with any prospective employers. The plaintiff has acknowledged that these individuals were not potential employers, and that she merely "set-up" the defendants herein.

5. Additionally, and more importantly, the investigative statement submitted by Empire Investigations with respect to the allegations that Ross DiBiase "mentioned" the discrimination suit should not be considered by this court. This unsworn statement is not in admissible form and is not sufficient to defeat summary judgment.

6. Rule 56 provides that any party opposing summary judgment must submit supporting and opposing affidavits on personal knowledge, and shall submit only that evidence which is in admissible form which would be admissible in evidence. Failure to submit this admissible evidence would require that summary judgment be granted in favor of the moving party. See, *Fed.Rules Civ.Proc.Rule 56(e)*; *In re Levent, Inc.*, --- F.Supp.2d --, 2005 WL 292736 (Feb. 8, 2005 S.D.N.Y.); *Patterson v. County of Oneida, New York*, 375 F.3d 206 (U.S.C.A. 2d Cir. 2004); *Griffin v. City of New York*, 287 F.Supp.2d 392 (S.D.N.Y. 2003).

7. Clearly, plaintiffs' affirmation and supporting documentation in opposition to the defendants' motion for summary judgment violates those provisions in

2

Rule 56(e). Accordingly, summary judgment should be entered in favor of defendants herein.

8.  Should this court find to the contrary and allow the inadmissible evidence to stand, your deponent feels that it is necessary to comment upon this "evidence". The plaintiff is attempting to submit a statement from a private investigator (admittedly not a "potential employer") based on an alleged tape recorded statement made. This statement made by "Paul Lawrence" from Empire Investigation resulted from a telephone call to Ross DiBiase on August 16, 2002. When the audiotape, in the possession of the plaintiff, is listened to in its entirety, the Plaintiff would have to admit as true that it was Mr. Lawrence, and not Mr. DiBiase, who brought up the issue of the lawsuit filed in this matter. The recording demonstrates that Mr. DiBiase merely discussed his feeling about Brande Noni's work attitude and it was Mr. Lawrence, not Mr. DiBiase, who brought up the "harassment claim". Mr. Lawrence asked Mr. DiBiase "did she ever do anything to you". Mr. DiBiase responded "do anything?" at which time Mr. Lawrence inquired as to whether she filed any claim against him. *Mr. DiBiase responded that she filed a claim against another employee, not against him or the Home.*

9.  The conversation continued by Mr. DiBiase merely discussing her qualifications. It was Mr. Lawrence who stated that he would stay away from Ms. Noni "like the plague". Mr. DiBiase never made this statement and this is documented on the tape in the possession of the plaintiff.

10. Likewise, the audiotape of Daniel Travis, also in the possession of the plaintiff, reveals that Mr. Travis misrepresented to Mr. DiBiase who he was calling for. He stated that he was calling on behalf of a health care center in Atlanta, Georgia. He

3

identified himself as the human resource director and asked for information on Brande Noni. As admitted to by Brande Noni, he was a "friend" posing as a human resource director. As set forth in Ms. Noni's sworn deposition testimony, previously submitted herein, Mr. Travis works for a manufacturing plant in Atlanta, Georgia. He works for T. Marzetti and this is a food processing plant, not a nursing facility.

11.     Additionally, Mr. Travis's "sworn statement" submitted sets forth what he claims to be conversations he had with Mr. DiBiase. He has submitted hearsay statements, not in admissible form, and has not submitted the actual tapes. In this respect, the affidavit of Daniel Travis also violates the provisions of Rule 56(e) and should be disregarded.

12.     Plaintiff has also submitted a copy of the EEOC "Determination" which is alleged to set forth a finding of "retaliation". Again, this document is submitted in inadmissible form, is not sworn to and should be totally disregarded in this matter. Accordingly, it remains the position of the defendants that the plaintiff has failed to properly oppose summary judgment herein.

13.     In addition to the fact that this EEOC Determination is not in admissible form, the law is well settled that an EEOC decision is not binding upon a federal court. Therefore, no consideration should be given to the decision herein. *Diaz v. New York City Transit Authority*, 2003 WL 22327143 (Oct. 10, 2003 S.D.N.Y.); citing *Solimino v. Astoria Fed. Sav. And Loan Ass'n.*, 901 F.2d 1148; 1151 (2d Cir. 1990).

14.     Although the EEOC decision should not be accorded any weight herein, your deponent would like to address the issue of the reference to a Title VII violation in said decision. As stated in defendants' original motion papers, the plaintiff has failed to

establish a Title VII violation in the first instance. Accordingly, the EEOC decision has no bearing in law or fact.

15.　　As set forth previously in the original motion papers, the plaintiff did not even pursue a Title VII claim originally. She pursued a Section 1983 claim which was dismissed. The law is well settled that Section 1983 claims cannot form the basis for retaliation claims. As plaintiff only intended to pursue a Section 1983 claim in the first instance, her claim of retaliation must now fail. See *Bair v. City of Atlantic City*, 100 Fsupp.2d 262 (U.S.D.C. N.J. 2000). Additionally, since the evidence fails to establish any valid Title VII claim in the first instance (*see* memorandum of law previously filed in support of motion), there is no basis in law or fact to pursue this retaliation claim.

16.　　The facts previously set forth before this court document the fact that the plaintiff was not terminated in the first instance. Her job was available to her and she refused to return. The "feelings" Ross DiBiase had with respect to her work habits are separate and distinct from any alleged discrimination claim she feels she was subjected to. Thus, any alleged "bad references" were given due to Mr. DiBiase's concern for the health and safety of residents of a nursing home, and were not given for any discriminatory and/or retaliatory reasons.

17.　　Likewise, it remains the position of the defendants that the "testers" were not "real" employers and, thus, the plaintiff cannot establish a valid cause of action for "retaliation". She has not sustained an "injury-in-fact" since there was no job opportunity available to her in the first instance. Accordingly, her claim must fail in the first instance.

18. In summary, it remains the position of the defendants that the plaintiff has failed to establish a valid cause of action for retaliation which would allow a recovery herein. For this reason, the defendants respectfully request that this Court grant summary judgment in its entirety, in favor of the defendants.

19. An amended Rule 56 statement on behalf of the defendants, with required attached exhibits, is also submitted in support herewith.

_____
Julie P. Apter

**Sworn to before me
this 17th day of February, 2005**

_____
AUDREY C. KENT
Notary Public State of New York
Qualified in Erie County
My Commission Expires May 31, 2007

6