UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRANDE M. NONI

                    Plaintiff                     **RESPONSE TO**
vs.                                                 **PLAINTIFF'S OBJECTIONS**

COUNTY OF CHAUTAUQUA and
COUNTY OF CHAUTAUQUA HOME
And ROSS DIBIASE, as Aider and Abettor

                                                          03-CV-0600 A(F)

                    Defendants

---

**STATE OF NEW YORK)**
                        SS:
**COUNTY OF ERIE**    )

      **JULIE P. APTER, ESQ.**, being duly sworn, deposes and states as follows:

1.     I am an attorney at law, duly licensed to practice in the State of New York, am a member of the law firm Goldberg Segalla, LLP, counsel for defendants, and as such, am fully familiar with all the pleadings and proceedings had herein.

2.     I submit this affidavit in response to plaintiff's objections to the Magistrate's Report and Recommendation served in the above captioned matter.

3.     The plaintiff is objecting to Magistrate Foschio's Report and Recommendation by arguing that Magistrate Foschio failed to address the issue of the EEOC determination and the allegations that Ross Dibiase made comments to prospective employers. The plaintiff is arguing that the determination and the comments are evidence of discrimination which would render issue of facts for purposes of the summary judgment motion. The defendants disagree with this interpretation.

4. The decision rendered by Magistrate Foschio in this matter clearly addresses the issue of the EEOC's determination. More specifically, the last paragraph prior to the "DISCUSSION" on page 7 of said decision references that the EEOC issued its determination, "finding direct evidence that Defendants had retaliated against Plaintiff..."

5. The plaintiff is now attempting to argue that the "EEOC letter of determination" is an exception to the Hearsay Rule since a governmental agency generated the document. More specifically, the plaintiff is claiming that the information provided to the investigating agency by the plaintiff should be considered by Magistrate Foschio herein.

6. The plaintiff is attempting to use this argument since Magistrate Foschio's decision noted that the statements provided by plaintiff in support of her claim regarding negative references are "hearsay" and plaintiff has not therefore provided admissible evidence in opposition to defendants' summary judgment motion. Magistrate Foschio is completely correct in this decision, despite the fact that the EEOC rendered a decision previously regarding its position on a finding of discrimination.

7. As an initial matter, this Court must remember that the EEOC is an administrative agency charged with making initial determinations regarding claims of discrimination. The agency is charged with investigating the matter with little evidence provided to it and, in many situations, does not hold a hearing allowing the parties an opportunity to prove and/or dispute the claim.

8. The plaintiff cannot dispute the fact that the EEOC did not conduct any hearing, prior to rendering its determination. It based its decision merely on allegations

that plaintiff was never hired by any prospective employers. The EEOC did not obtain any direct testimony from any of the alleged prospective employers.

9. In fact, not only did the EEOC not conduct any hearing, the plaintiff requested that the EEOC "dismiss" the pending charge of discrimination in order for plaintiff to pursue the receipt of a "Right to Sue Letter". See letter sent to EEOC by plaintiff's counsel, dated January 14, 2003, annexed hereto and labeled **Exhibit A**.

10. Since the EEOC rendered its decision merely on paper documents it received from the parties and based upon plaintiff's request that the matter be dismissed, and did not give the defendants any opportunity to establish that there were no real "employers" involved with contacting Ross Dibiase, the decision is not binding in Federal Court.

11. It is undisputed that the EEOC had no information before it that the plaintiff was denied a "real" job due to alleged bad references given to potential employers. It was not until discovery was conducted in the subsequent Federal Court action that it was learned that the jobs that plaintiff applied for were jobs that she either was not qualified for or jobs that no follow up was made regarding possible employment. Plaintiff admitted that she could not prove that any of those employers contacted the defendants seeking references.

12. Thus, the EEOC determination that evidence of discrimination and retaliation existed was made based upon the representation by plaintiff that legitimate employers had in fact contacted the County of Chautauqua. Once plaintiff received this determination and was issued the "Right to Sue" letter, and thereafter pursued this Federal Court action, discovery was commenced. It was during the course of discovery

that the truth was revealed regarding the fact that plaintiff could not establish that she lost any opportunity for employment based upon the defendants' actions.

13. The attempt by plaintiff to use the hearsay statements of Mr. Travis and a private investigator were properly disregarded by Magistrate Foschio. The statements cannot be considered an "exception" to the Hearsay requirement since the defendants did not have an opportunity to question these individuals during the course of the EEOC determination.

14. Magistrate Foschio fully considered the facts submitted when rendering his decision and discounting the use of statements from Mr. Travis and the private investigator. He accepted as the truth the fact that not only were these statements not submitted in admissible form, and thus hearsay, but that the facts demonstrate that any discussions the defendants may have had with individuals involving Brande Noni were not discussions with any prospective employers. The plaintiff has acknowledged that these individuals were not potential employers, and that she merely "set-up" the defendants herein.

15. The law is well settled that failure to submit admissible evidence would require that summary judgment be granted in favor of the moving party. It is incumbent upon the plaintiff to meet the burden of proof, and the plaintiff's failure to do so will not defeat a motion for summary judgment. See, *Fed.Rules Civ.Proc.Rule 56(e)*; *Patterson v. County of Oneida, New York*, 375 F.3d 206 (U.S.C.A. 2d Cir. 2004); *Griffin v. City of New York*, 287 F.Supp.2d 392 (S.D.N.Y. 2003). In this matter, as Magistrate Foschio correctly noted, the plaintiff failed to meet her burden. Thus, the decision to recommend the granting of Summary Judgment is proper in all respects.

16.     Although Magistrate Foschio has acknowledged that the evidence submitted by plaintiff in opposition to the motion for summary judgment is lacking, your deponent does wish this Court to consider the facts which have been submitted herewith. The plaintiff is attempting to defeat summary judgment by submitting a statement from a private investigator (admittedly not a "potential employer") based on an alleged tape recorded statement made. This statement made by "Paul Lawrence" from Empire Investigation resulted from a telephone call to Ross DiBiase (a County of Chautauqua employee and named defendant herein) on August 16, 2002. As already pointed out to this Court, when the audiotape, in the possession of the plaintiff, is listened to in its entirety, the Plaintiff would have to admit as true that it was *Mr. Lawrence*, and not Mr. DiBiase, who brought up the issue of the lawsuit filed in this matter. The recording demonstrates that Mr. DiBiase merely discussed his feeling about Brande Noni's work attitude and it was Mr. Lawrence, not Mr. DiBiase, who brought up the "harassment claim". Mr. Lawrence asked Mr. DiBiase "did she ever do anything to you". Mr. DiBiase responded "do anything?" at which time Mr. Lawrence inquired as to whether she filed any claim against him. *Mr. DiBiase responded that she filed a claim against another employee, not against him or the Home.*

17.     The conversation continued by Mr. DiBiase merely discussing her qualifications. It was Mr. Lawrence who stated that he would stay away from Ms. Noni "like the plague". Mr. DiBiase never made this statement and this is documented on the tape in the possession of the plaintiff.

18.     Likewise, the audiotape of Daniel Travis, also in the possession of the plaintiff, reveals that Mr. Travis misrepresented to Mr. DiBiase who he was calling for.

He stated that he was calling on behalf of a health care center in Atlanta, Georgia. He identified himself as the human resource director and asked for information on Brande Noni. As admitted to by Brande Noni, he was a "friend" posing as a human resource director. As set forth in Ms. Noni's sworn deposition testimony, previously submitted herein, Mr. Travis works for a manufacturing plant in Atlanta, Georgia. He works for T. Marzetti and this is a food processing plant, not a nursing facility.

19. Additionally, Mr. Travis's "sworn statement" submitted sets forth what he claims to be conversations he had with Mr. DiBiase. He has submitted hearsay statements, not in admissible form, and has not submitted the actual tapes. In this respect, the affidavit of Daniel Travis also violates the provisions of Rule 56(e) and should be disregarded.

20. Clearly, the Court was proper in its recommendation that the action be dismissed based upon plaintiff's failure to defeat the summary judgment motion. The mere fact that the plaintiff is relying on the EEOC "Determination" is not sufficient to defeat the motion for summary judgment herein, especially in light of the fact that hearsay statements were the only basis the plaintiff had to establish her claim.

21. As already noted in the underlying summary judgment motion papers, the EEOC decision is not binding upon a federal court. See, _Diaz v. New York City Transit Authority_, 2003 WL 22327143 (Oct. 10, 2003 S.D.N.Y.); citing _Solimino v. Astoria Fed. Sav. And Loan Ass'n_, 901 F.2d 1148; 1151 (2d Cir. 1990); _Kremer v. Chemical Construction Corporation_, 456 U.S. 461, 102 S.Ct. 1883 (1982); _Carter v. Delta Air Lines, Inc._, 441 F.Supp. 808 (D.C.N.Y. 1977).

22. The decisions rendered in EEOC cases are general considered prejudicial as they are based on hearsay statements not necessarily made under reliable circumstances. See, *Parrish v. Sollecito*, 280 F.Supp.2d 145 (S.D.N.Y. 2003).

23. Since the general rule is not to follow the EEOC decision, but to analyze the facts which have been established through discovery in the Federal Court action pending, the Report and Recommendation issued herein should be accorded weight and followed, based upon the evidence presented to the Court.

24. The defendants maintain that the plaintiff has failed to establish her Title VII and 42 U.S.C. 1983 claims. Further, the plaintiff has failed to establish retaliation based upon any underlying Title VII claims. The Court properly has recommended that this Action be dismissed and that Summary Judgment be granted. The defendants would request that this Court follow the recommendations of Magistrate Foschio and dismiss this matter in its entirety.

25. Last, this Court should consider that the only reason the plaintiff is objecting to the Magistrate's report and recommendations is for the reason that she believes there are disputed facts which would be sufficient to defeat a summary judgment motion. The mere existence of disputed factual issues, however, is not sufficient in and of itself to defeat a motion for summary judgment. The disputed factual issues must be material. See, *Brundage v. National Broadcasting Company*, 1994 WL 68502 (S.D.N.Y. 1994). As the Court for the Southern District of New York noted in the above decision, the material issues must exist in order to pursue a discrimination claim. Since Magistrate Foschio has thoroughly analyzed all facts presented to the Court in admissible form, the Report and Recommendations should be affirmed (especially in light of the fact

that the facts do demonstrate that the plaintiff was not subjected to any "retaliation" directed to any real, prospective employers).

_____
Julie P. Apter, Esq.
Goldberg Segalla LLP
*Attorneys for Defendants*
665 Main Street\Suite 400
Buffalo, New York 14203
(716) 566-5400
Email: japter@goldbergsegalla.com

Sworn to before me
this 20th day of April, 2007

_____
Notary Public

AUDREY C. KENT
Notary Public State of New York
306016.1   Qualified in Erie County
My Commission Expires May 31, 2007

**EXHIBIT A**

# Siegel, Kelleher & Kahn
*Attorneys and Counselors at Law*

420 Franklin Street • Buffalo, New York 14202
716.881.5800 • 1.800.888.5288
*Email:* skklaw@servtech.com • *Web site:* skklaw.com
*Fax:* 716.881.0669 (Not for service of papers)

HERBERT M. SIEGEL
J. MICHAEL KELLEHER
MARK G. HIRSCHORN
DENNIS ALAN KAHN
BRIAN R. WELSH
STEVEN G. WISEMAN
TIMOTHY G. O'CONNELL
ROBERT D. STEINHAUS
STEPHEN R. SILVERSTEIN
KENNETH A. OLENA
MICHELLE G. CHAAS
DEEANNA M. GALLA
GREGORY J. STEWART
PAULA GILL LANE
ELIZABETH L. AMARU
DAVID RODRIGUEZ
MICHAEL J. LOVECCHIO
DAVID M. BLOCK
GARY R. MACK

WILLIAM J. LOVE, JR.
PAUL A. CHIARAVALLOTI
LINDY KORN
HERBERT R. JOHNSTON, JR.
BRIAN J. RUFFINO
WILLIAM N. NAPLES
J. KEVIN LAUMER
THOMAS CALANDRA
JAMES D. BELL
EMIL J. CAPPELLI
ROBERT RIORDAN
STEPHEN GASSMAN
BARRY FISCHER
FLORENCE M. FASS
KAREN A. MARCUCCI
• MARKUS COHEN
OF COUNSEL

IMMIGRATION LAW
MICHAEL I. SEROTTE
JON PURIZHANSKY
ALBERT A. BURRUANO

• ADMITTED IN CANADA

January 14, 2003

Equal Employment Opportunity Commission
6 Fountain Plaza Suite 350
Buffalo, New York 14202
Attn: Elizabeth Cadle, Regional Director

   Re: Brande Noni vs Chautauqua County, et al
   Charge No.: 165A 200803

Dear Mrs. Cadle:

   Please accept this correspondence as an official request that you dismiss Ms. Brande Noni's pending charge of discrimination with your agency and issue a right to sue letter so that we can further pursue this matter in Federal District Court.

   Thank you for your anticipated assistance.

         Sincerely,

         SIEGEL, KELLEHER & KAHN

         DAVID RODRIGUEZ, ESQ.

DR/tpm (Ext. 247)
cc: Brande Noni
  Julie Apter

*received 1/16/03*

Offices in Buffalo • Brockport • Cheektowaga • Dunkirk/Fredonia • Hamburg • Jamestown • Lancaster • Lockport
North Tonawanda • Olean • Orchard Park • Tona-Amherst • West Seneca • Williamsville • Youngstown
Rochester • Garden City • Toronto • Lewiston

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRANDE M. NONI

               Plaintiff

vs.

COUNTY OF CHAUTAUQUA and
COUNTY OF CHAUTAUQUA HOME
And ROSS DIBIASE, as Aider and Abettor

              Defendants

**CERTIFICATE OF SERVICE**

03-CV-0600 A(F)

---

| | | |
|---|---|---|
| **STATE OF NEW YORK** | ) | |
| **COUNTY OF ERIE** | ) | ss: |
| **CITY OF BUFFALO** | ) | |

      Audrey Kent, being duly sworn, deposes and says that I am not a party to this action, am over the age of 18 years and reside in Depew, New York.

      On the 23rd day of April 2007 I electronically re-filed the Response to Plaintiff's Objections (with complete signature block as requested by court) with the Clerk of the District Court for the Western District of New York using CM/ECF which would then electronically notify David Rodriguez, Esq., attorney for Plaintiff, at davidrodriguez67@aol.com

                                          _Audrey Kent_
                                          **AUDREY KENT**

Sworn to before me this
23rd day of April 2007

_____

      **JULIE P. APTER**
**NOTARY PUBLIC, STATE OF NEW YORK**
    **QUALIFIED IN ERIE COUNTY**
  **COMMISSION EXPIRES 2/21/ 11**