UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRANDE M. NONI,

                          Plaintiff,

    v.                                    ORDER
                                            03-CV-600A

COUNTY OF CHAUTAUQUA, et al.,

                          Defendants.

---

        This case was referred to Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1), on September 15, 2003.  On November 30, 2004, defendants filed a motion for summary judgment.  On March 7, 2007, Magistrate Judge Foschio filed a Report and Recommendation, recommending that defendants' motion for summary judgment should be granted.

        Plaintiff filed objections to the Report and Recommendation on April 13, 2007 and the defendants filed a response.  Oral argument on the objections was held on May 22, 2007.

        Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.  Upon a *de novo* review of the Report and Recommendation, and after reviewing the submissions and hearing argument

from the parties, the Court adopts the proposed findings of the Report and Recommendation.

In her objections, plaintiff argues that the Magistrate Judge erred by failing to consider the EEOC's determination letter as evidence of discrimination. Although EEOC determination letters fall within the hearsay exemption under Fed. R. Evid. 803(8)(C), see Chandler v. Roudebush, 425 U.S. 840, 863, n.39 (1976); Paolitto v. John Brown E. & C., Inc., 151 F.3d 60, 64 (2d Cir. 1998), their admissibility is still subject to a finding that the probative value of the determination is not substantially outweighed by a danger of unfair prejudice. See Fed. R. Evid. 403. Indeed, the Second Circuit has made clear that "the fact that evidence is within an exception to the hearsay rule does not by itself make it admissible *per se.*" Paolitto, 151 F.3d at 64.

In this case, the EEOC issued a determination letter finding "[d]irect evidence . . . .revealing that [the County] retaliated against the [plaintiff] . . . by providing unfavorable references to perspective employers . . . " The EEOC does not indicate the "evidence" supporting its determination. Because the EEOC's determination letter contains only conclusory findings that fail to describe the nature of its investigation or the basis of for its conclusions, it is of little probative value and is likely to be found inadmissible at trial. Id.

The Magistrate Judge correctly determined that the plaintiff had failed to present sufficient admissible evidence of retaliation. Specifically, the plaintiff failed to show that the defendants actually gave a negative employment reference *to any*

*perspective employer*.  The evidence presented showed only that the defendants spoke negatively about the plaintiff to two individuals *posing* as perspective employers. Plaintiff has not provided any affidavits or other admissible evidence indicating that a perspective employer ever contacted the County to ask for a reference for the plaintiff.[1] Plaintiff would have the Court infer that perspective employers called simply based upon the fact that she had applied for many positions but has never received an interview.  As the Magistrate Judge correctly noted, the record does not indicate that any of these business ever invited plaintiff to interview, spoke to her about possible employment, or otherwise seriously considered her for a position and then contacted the defendants for a reference.

In <u>Jute v. Hamilton Sundstrand Corp.</u>, 420 F.3d 166 (2d Cir. 2005), the Second Circuit held that to state an employment discrimination claim based upon a negative employment reference, the employee was not required to provide a sworn affidavit from the prospective employer attributing its decision to deny employment to the negative reference.  However, unlike the plaintiff in this case, plaintiff Jute had actually interviewed for a specific position and received an offer that was subsequently withdrawn after the negative employment reference.  The Court found that based upon those facts, a jury could infer that the negative job reference caused the company to rescind its offer.  Here, in contrast, there is no evidence that the plaintiff was

---

[1] Plaintiff also claims that her uncle contacted the County as a perspective employer and was given a negative reference for the plaintiff.  Plaintiff's statements in this regard are hearsay. Plaintiff has not presented an affidavit from her uncle supporting her allegations that he called the County to request an employment reference for the plaintiff and that a negative reference was in fact given.  As the Magistrate Judge correctly noted, the plaintiff cannot rely upon her unsupported hearsay assertions to defeat the defendant's motion for summary judgment.

interviewed or seriously considered for any open positions to which she applied, nor is there evidence that a prospective employer actually contacted the defendants and obtained a negative reference.  Absent admissible evidence supporting her claim that a negative job reference was actually given to a perspective employer, the Court finds that summary judgment must be granted.

Accordingly, for the reasons set forth in Magistrate Judge Foschio's Report and Recommendation, defendants' motion for summary judgment is granted.  The Clerk of Court shall take all steps necessary to close the case.

SO ORDERED.

s/ *Richard J. Arcar*a
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  September 13, 2007